

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR ALVARADO DELEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:02-CV-1097-K |
| | § | |
| CITY OF DALLAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants David Larsen and Michael Mata's Rule 12 Motion to Dismiss and Motion for Summary Judgment, filed August 29, 2005. No response to the motion was filed. On September 12, 2005, the court entered an order dismissing Plaintiffs' claims against Defendant Michael Mata without prejudice pursuant to a Stipulation of Dismissal signed by the parties. Therefore, the motion is moot as to Defendant Mata, and the court will consider the motion as to Defendant David Larsen ("Larsen") only. After carefully considering the motion, summary judgment evidence, the pleadings on file in this case, and the applicable law, the court **grants** Larsen's Rule 12 Motion to Dismiss and Motion for Summary Judgment.

I.   **Factual and Procedural Background**

Plaintiff sued Larsen in state court on April 19, 2002, and this case was subsequently removed to this court by Larsen's co-Defendant the City of Dallas on May

1

23, 2002. Plaintiff filed his First Amended Complaint on September 3, 2002. On March 2, 2005, Plaintiff filed his Second Amended Complaint ("Complaint"), and in that pleading DeLeon's wife Darcedalia Alvarez was added as an additional Plaintiff. Plaintiffs have brought claims against Larsen for false arrest and imprisonment under 42 U.S.C. §§ 1981 and 1983, defamation and libel, intentional infliction of emotional distress, and malicious prosecution.

This lawsuit relates to events occurring on and following April 19, 2001. Larsen was on duty with the Dallas Police Department ("DPD") on that date. In his Complaint, Plaintiff DeLeon ("DeLeon") alleges that on April 19, 2001, he and a friend traveled to a local mechanic's shop to view repairs being made to his brother-in-law's vehicle. After discussing the repairs with the mechanic, DeLeon and his friends began removing items from the vehicle. According to the affidavit of undercover DPD agent Mark DeLaPaz ("DeLaPaz"), he observed a drug transaction between DeLeon and a confidential informant at the shop. As they were preparing to leave, several police cars arrived and all persons on the property (including DeLeon) were detained by police and forced to lie face down on the ground. Both uniformed and undercover DPD officers were at the scene.

DeLeon was searched and subsequently arrested for selling four ounces of cocaine to a confidential informant. Larsen asked Mata to provide him with a field test kit for

testing controlled substances, which Mata did. Larsen performed a field test of the seized substances, which returned a positive result for cocaine.

The baggie that was seized at the time of DeLeon's arrest was subsequently tested for fingerprints and content at the request of DeLeon's counsel. On August 13, 2001, the lab results showed that DeLeon's fingerprints were not on the package and that the cocaine found in the package was "not subject to quantitation." Additionally, an alleged videotape of the drug transaction involving DeLeon was never produced. The charges against DeLeon were ultimately dropped on September 10, 2001, after the confidential informant failed to appear for trial.

On March 31, 2004, Larsen moved for dismissal of DeLeon's claims against him, asserting the affirmative defense of qualified immunity. On July 28, 2004, this court denied Larsen and Mata's motion and ruled that he was not entitled to qualified immunity. Larsen and Mata appealed from that order, and on July 7, 2005, the United States Court of Appeals for the Fifth Circuit determined that DeLeon had not sufficiently stated claims against Larsen and Mata for false arrest and detention, and further finding that Larsen and Mata were entitled to qualified immunity as to DeLeon's federal claims. The Fifth Circuit thus reversed this court's July 28, 2004 order, remanded the case, and directed this court to dismiss DeLeon's federal claims against Larsen and Mata. Accordingly, all of DeLeon's federal claims against Larsen are hereby **dismissed with prejudice.**

## II. Larsen's Motion to Dismiss and for Summary Judgment

Larsen moves to dismiss Plaintiff Darcedalia Alvarez's federal claims against him under Fed. R. Civ. P. 12(c), asserting qualified immunity. He also moves for summary judgment on Plaintiffs' remaining state law claims.

### A. Applicable Legal Standards

#### 1. Rule 12(c) Motion for Judgment on the Pleadings

Larsen moves to dismiss Alvarez's federal claims under Fed. R. Civ. P. 12(c), contending that she has failed to state a claim that would defeat his defense of qualified immunity. Although Larsen brings the motion under Rule 12(c) because it was not filed with his answer, the motion is essentially a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6), 12(c) and 12(h)(2).

Upon consideration of a motion to dismiss for failure to state a viable claim, the court must presume all well-pleaded facts in the plaintiff's complaint to be true, and resolve any ambiguities or doubts regarding the sufficiency of her claims in her favor. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Further, the court may not dismiss the complaint under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of their claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, Alvarez must plead

4

specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim. *Kane Enterprises,* 322 F.3d at 374; *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier,* 801 F.2d 789, 791-92 (5th Cir. 1986).

### 2.   Motion for Summary Judgment

Larsen seeks summary judgment under Fed. R. Civ. P. 56 as to Plaintiffs' state law claims. Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54.

Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be

viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

### B. Alvarez's Federal Claims

The court must dismiss Alvarez's federal claims against Larsen for two reasons. First, the Fifth Circuit has already determined that Larsen is entitled to qualified immunity on these claims. Second, this court has previously ruled that Alvarez has no standing to bring federal claims for alleged violations of DeLeon's federal constitutional rights. (*See* Docket No. 192). For these reasons, Alvarez has failed to state a claim under federal law for which relief may be granted. Plaintiff Alvarez's federal claims against Larsen are therefore **dismissed with prejudice.**

### C. State Law Claims

Following dismissal of Plaintiffs' federal claims against Larsen, the only claims that remain are claims under Texas law for defamation and libel, intentional infliction of emotional distress, malicious prosecution, abuse of process, and false imprisonment. Larsen moves for summary judgment on all of these claims, and additionally asserts the affirmative defense of official immunity under state law.

#### 1. Defamation and Libel

To prevail on their defamation claim, Plaintiffs must show that Larsen 1) published a statement; 2) that the statement was defamatory as to DeLeon; and 3) that he acted negligently concerning the truth of the statement. *WFAA-TV, Inc. v.*

*McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502 (Tex. App. – Houston [14th Dist.] 2004, rev. denied).

On summary judgment, a showing of substantial truth will defeat a defamation claim. *McIlvain v. Jacobs*, 794 S.W.2d 14, 15-16 (Tex. 1990). The test for substantial truth is whether the alleged defamatory statement was more damaging to DeLeon's reputation in the mind of the average listener, than a truthful statement would have been. *Id.; Associated Press v. Cook*, 17 S.W.3d 447, 452 (Tex. App. – Houston [1st Dist.] 2000, no pet. h.). This evaluation involves looking at the "gist" of the statement. *Id.* If the underlying facts as to the gist of the statement are undisputed, then the court may disregard any variance in the facts regarding items of secondary importance, and determine substantial truth as a matter of law. *Associated Press*, 17 F.3d at 452, *citing McIlvain*, 794 S.W.2d at 16.

DeLeon alleges in his Complaint that Larsen falsely alleged that DeLeon was involved in the sale of illegal drugs, and knowingly caused said false statements to be included in public documents. DeLeon cannot survive summary judgment by relying solely on these conclusory allegations. *Whelan v. Winchester Production Co.*, 319 F.3d 225, 228 (5th Cir. 2003), *citing Anderson*, 477 U.S. at 249. Rather, he must set forth sufficient evidence supporting a claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Id.*

7

DeLeon has presented no summary judgment evidence to support his claim that Larsen falsely stated that he was involved in the sale of illegal drugs. The only facts in the summary judgment record pertaining to Larsen that could possibly be construed as a defamatory statement are that Larsen reported the field test results of the substance allegedly seized from DeLeon as positive for cocaine, and stated that the substance weighed 131.8 grams, as shown in the affidavit for DeLeon's arrest warrant. DeLeon has presented no evidence raising a genuine issue of material fact whether Larsen published this statement; in fact, the record shows that the affidavit for the arrest warrant was actually signed by Officer B. Sundquist. Additionally, DeLeon has produced no summary judgment evidence suggesting that Larsen acted negligently regarding the alleged statement. Thus, because DeLeon has failed to raise a genuine issue of material fact regarding the first and third elements of his defamation claim, this claim must be dismissed.

The court further notes that DeLeon's defamation claim also fails because Larsen has established the affirmative defense of substantial truth. After the substance seized from DeLeon underwent laboratory testing, the results showed that it did contain cocaine and weighed 126 grams. These facts are undisputed. Therefore, the court holds that the gist of Larsen's alleged statement is substantially true, because the slight variance in the actual weight of the package versus that initially reported by Larsen was no more damaging to DeLeon than a statement containing the correct package weight

would have been. For this additional reason, Larsen is entitled to summary judgment on Plaintiffs' defamation claim.

### 2.   Intentional Infliction of Emotional Distress

To recover for intentional infliction of emotional distress, a plaintiff must establish that 1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's actions caused the plaintiff emotional distress; and 4) the resulting emotional distress was severe. *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *City of Houston v. Fletcher*, 166 S.W.3d 479, 492 (Tex. App. – Eastland 2005, pet. filed).

Plaintiffs claim in their Complaint that Larsen intentionally inflicted emotional distress upon DeLeon by falsely indicating he had been involved in the sale of illegal drugs, and causing him to be arrested and detained for more than three months, during which detention he was sexually harassed. Larsen argues that this claim must be dismissed because Plaintiffs have not raised a genuine issue of material fact whether his actions were intentional or reckless, and whether his conduct was extreme or outrageous.

The court agrees that Plaintiffs have provided no competent summary judgment proof of either of these two elements. There is no evidence in the record suggesting that Larsen acted with intent or recklessness toward causing DeLeon severe emotional distress. Also, the court finds that there is no evidence in the summary judgment record that raises a material fact issue whether Larsen's conduct related to DeLeon was extreme

9

or outrageous. Moreover, the court notes that the Fifth Circuit has ruled that under the applicable test for qualified immunity, Larsen's alleged conduct meets the standard of objective reasonableness. Under these circumstances, and in light of the lack of summary judgment evidence to the contrary, the court is unable to find either that Larsen intended to cause DeLeon severe emotional distress, that he acted recklessly, or that his alleged conduct was extreme or outrageous. For all of the foregoing reasons, Plaintiffs' claim of intentional infliction of emotional distress must be dismissed.

### 3. Malicious Prosecution

To prevail on a claim of malicious criminal prosecution, a plaintiff must establish 1) the commencement of a criminal prosecution against the plaintiff; 2) causation (initiation or procurement of the action) by defendant; 3) termination of the prosecution in the plaintiff's favor; 4) the plaintiff's innocence; 5) the absence of probable cause for the proceedings; 6) malice in filing the charge; and 7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 94 (Tex. App. – San Antonio 2003, rev. denied).

Larsen first argues that Plaintiffs' malicious prosecution claim must be dismissed because Plaintiffs have alleged no facts showing that he initiated or procured the criminal prosecution against DeLeon. The court agrees that the only facts in the record pertaining to Larsen show that he performed a field test of the substance allegedly seized from DeLeon at the time of his arrest. Moreover, the Fifth Circuit has ruled that there

was probable cause for DeLeon's arrest, and DeLeon conceded before that court that having been alerted by the confidential informant's tip and information from DeLaPaz that DeLeon had just engaged in a drug transaction (whether true or not) the officers at the scene had probable cause to arrest him. Similarly, the appellate court held that probable cause existed to field test the substance found on DeLeon's person. Because there is no support in the factual record for this key element of Plaintiffs' malicious prosecution claim, this claim must also be dismissed.

### 4. Abuse of Process

The elements of a claim for abuse of process are 1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted or authorized by the process; 2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and 3) plaintiff was damaged as a result of the illegal act. *Williams v. City of Dallas,* 53 S.W.3d 780, 787 (Tex. App. – Dallas 2001, no pet.h.); *Graham v. Mary Kay Inc.,* 25 S.W.3d 749, 756 (Tex. App. – Houston [14th Dist.] 2000, pet. denied). The critical aspect of this tort is the improper use of the process after it has been issued. *Graham,* 25 S.W.3d at 756; *Bossin v. Towber,* 894 S.W.2d 25, 33 (Tex. App. – Houston [14th Dist.] 1994, writ denied). When the process is used for the purpose for which it was intended, even though accompanied by an ulterior motive, no abuse of process occurs. *Graham,* 25 S.W.3d at 756, *citing Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377, 378 (Tex. App. – Texarkana 1989, no writ).

Here, Plaintiffs have alleged no facts and provided no evidence showing that Larsen made an illegal, improper or perverted use of the process. Accordingly, Larsen is entitled to summary judgment on this claim.

### 5. False Imprisonment

To prove false imprisonment a plaintiff must show 1) willful detention; 2) without consent; and 3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If an arrest or detention is executed under process legally sufficient in form and executed by a court of competent jurisdiction, an action for false imprisonment will not lie. *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982); *Emerson v. Borland*, 927 S.W.2d 709, 720 (Tex. App. – Austin 1996, writ denied), *cert. denied*, 522 U.S. 866 (1997).

Plaintiffs have failed to allege facts or provide evidence raising a material issue of fact whether there was probable cause present when DeLeon was arrested in April 2001, and the Fifth Circuit has held that there was sufficient probable cause for the arrest. Additionally, Plaintiffs cite to no evidence showing that the arrest warrant issued for DeLeon was defective in any way or issued by a court lacking jurisdiction to do so. For all of these reasons, Plaintiffs' false arrest claim fails. The court will enter summary judgment for Larsen on this claim.

### 6. Official Immunity

Finally, Larsen asserts that even if Plaintiffs had presented evidence sufficient to

12

survive summary judgment on their state law claims, these claims would be barred because he is entitled to official immunity. Under Texas law, official immunity shields a government employee from liability if the actions forming the basis for the plaintiff's suit arise from the performance of 1) discretionary duties, 2) in good faith, and 3) within the scope of the government employee's authority. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex. 2004); *Texas State Technical College v. Cressman*, 172 S.W.3d 61, 66 (Tex. App. – Waco 2005, pet. filed).

The good faith element of official immunity is substantially the same as the federal inquiry for qualified immunity. *Hernandez v. Texas Dept. of Protective and Regulatory Svcs.*, 380 F.3d 872, 885 (5th Cir. 2004). To determine good faith, we ask whether a reasonably prudent official could have believed his conduct was consistent with the plaintiff's rights. *Id., citing Cantu v. Rocha*, 77 F.3d 795, 809 (5th Cir. 1996). Determining official immunity under state law is distinct from the federal test for qualified immunity because the former focuses solely on the objective legal reasonableness rather than the clearly established inquiry. *Id.* Thus, whether Larsen is entitled to official immunity on any of Plaintiffs' state law claims depends upon whether his actions were objectively reasonable. *Id.*

The court holds that Larsen's actions were objectively reasonable, in accordance with the Fifth Circuit's prior holding granting Larsen qualified immunity. Further, there is no evidence in the summary judgment record that raises a genuine issue of material

13

fact whether Larsen was acting within the scope of his authority as a police officer. In fact, the evidence before the court shows that Larsen did act within the scope of his authority in exercising discretion to participate in DeLeon's arrest by field testing the substance found on DeLeon's person. Therefore, the court holds that Plaintiffs' state law claims against Larsen should be dismissed because Larsen has established that he is entitled to official immunity from such claims under Texas law.

### III. Conclusion

For the foregoing reasons, Larsen's Rule 12 Motion to Dismiss and Motion for Summary Judgment are **granted**. All of Plaintiffs' claims against Larsen are hereby **dismissed with prejudice**.

**SO ORDERED.**

Signed December 21st, 2005.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE